ALLEN F. OWEN, adm'r. &c., plaintiff in error, vs. NATHANIEL F. WALKER, ex'or. &c., defendant in error.

W. dies leaving O, and W. his executors. O. qualifies, and after acting for six years, dies; when W. qualifies. The administrator of O. prefers a claim under the Act of 1847 for *extra services* rendered to the estate of W. by his intestate in superintending plantations and negroes.

*Held,* That W., the acting executor, at the time the claim for compensation is made, is the proper party to dispute the demand and litigate it before the Courts.

Motion to dismiss appeal, in Upson Superior Court. Decided by Judge CABANISS, May Term, 1858.

Allen M. Walker died, appointing Jesse L. Owen and Nathaniel F. Walker his executors. Jesse L. Owen qualified in 1849, and took charge of the estate and continued in possession thereof until 1855, when *he* died. The estate consisted principally of two large plantations and negroes, which were managed by the said executor for the benefit of the

minor children. · Allen F. Owen became the administrator of Jesse L. Owen.

After the death of Jesse L. Owen, Nathaniel F. Walker qualified as executor under the will of Allen M. Walker, and assumed the control and management of said estate.

Allen F. Owen, as the administrator of Jesse L. Owen, filed his petition to the Court of Ordinary of Upson county, asking the Court, among other things, to allow the said Jesse L. Owen extra compensation for services rendered in the management of the estate of Allen M. Walker.

At the January Term, 1858, of said Court of Ordinary, the case was carried to the appeal by consent of Allen F. Owen as administrator of Jesse L. Owen and Nathaniel F. Walker as executor of Allen M. Walker.

At the May Term, 1858, of Upson Superior Court, the cause came on to be heard, when counsel for Nathaniel F. Walker moved to dismiss the appeal on the ground that he was an improper party to the case; he having qualified as executor of Allen M. Walker since the death of Jesse L. Owen.

The Court sustained the motion and dismissed the appeal, and counsel for Allen F. Owen, administrator, excepted.

STUBBS & HILL, for plaintiff in error.

SMITH, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Allen M. Walker died in 1849, leaving Jesse L. Owen and Nathaniel F. Walker his executors. Owen alone qualified, and under the Act of the Legislature passed in 1847 [*Cobb* 337] kept the negroes of the deceased together, and worked them upon the plantations of the testator until 1855, when Owen, the executor, died. Nathaniel F. Walker then came forward and was qualified as executor of Allen M. Walker's will. Allen F. Owen was appointed administrator of Jesse

L. Owen; and in that character applied to the Ordinary to have compensation made to his intestate for the six years that he had managed the agricultural property of Walker, his testator. Nathaniel F. Walker appeared and contested the claim. By consent the case was appealed to the Superior Court, and was there dismissed on the ground that the acting executor was not a proper party to enter the appeal, and conduct the litigation. And to reverse this judgment, this writ of error is prosecuted.

The Act of 1847 provides that "the parties in interest" may contest the reasonableness of the allowance claimed by the trustee for his extra services. And the only question made in the record is, who is the party in interest in this case to defend this proceeding? But for the decision of Judge Cabaniss, who is not only a very clear-headed man, but who has much experience in the business of the Ordinary concerning all matters relating to testates' and intestates' estates, and the earnest argument in support of it by our learned brother Smith, a doubt never would have occurred to us, but that the acting executor is the party in interest whose privilege and duty it is to resist this application.

Usually where the executor, administrator, or guardian applies, the legatees or next of kin are of course the persons to resist the claim. There is no one else to do it. But here the former trustee who rendered the service is dead, and another representative has been qualified. The interest of the administrator of the deceased executor and the survivor who has qualified since the death of his co-executor, are not only not co-incident, but antagonistic. It is obligatory upon Nathaniel F. Walker to protect the estate of his testator against this and all other demands, the justice of which he disputes, or at any rate desires to see established. Why not this as well as any and all other claims? Does he not represent the legatees as well as the estate generally? Why make an exception in this case? Why thrust the legatees forward to defend against this any more than any other suit?

If minors, as probably they are, who is most likely to best represent them—the executor selected by their father, or a guardian *ad litem* appointed by the Court? When a sole trustee is the applicant from the necessity of the case, the next of kin must come forward because their interest *quo ad hoc* is opposed to that of the trustee, and there is no one to represent them. But not so in the present case; and the law should not be so interpreted.

Judgment reversed.