# Wickersham's Appeal.

1. One of two executors filed an account in which were charged full commissions; he was cited in the Orphans' Court to pay the other executor his proportion. *Held*, that the Orphans' Court had no jurisdiction.

2. The claimant was not a distributee of the estate on account of commissions.

3. The commissions do not stand on the same footing as a creditor.

4. The remedy by an executor, &c., against his co-executor for his share of compensation is in a common-law court.

5. Adams's Appeal, 11 Wright 94, Walker's Estate, 9 S. & R. 224, recognised.

January 7th 1870. Before THOMPSON, C. J., READ and SHARSWOOD, JJ. AGNEW, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Philadelphia*, in the estate of Thomas. Wickersham, deceased: No. 223, to January Term 1870.

On the 9th of October 1869, Morris S. Wickersham presented a petition to the Orphans' Court, setting out that Cadwalader Wickersham and the petitioner were appointed executors of the will of Thomas Wickersham, deceased, which was proved January 28th 1858. At that time the petitioner was absent in Europe, and Cadwalader took possession of the assets. The petitioner, on the 8th of September 1858, was qualified as executor, and took upon himself the burden of the trust as co-executor with said Cadwalader, who continued acting executor until May 1869, when he filed an account claiming a credit of $9351.30, as executor's commissions, which credit was allowed by the auditor to whom the account was referred. The auditor's report, dated January 17th 1861, was confirmed. No final settlement had been made by Cadwalader; the unadministered assets are still in his custody; he refuses to account to the petitioner for the portion of the assets to which the petitioner is entitled, claiming that all belongs to him.

[Wickersham's Appeal.]

The prayer was for a citation to Cadwalader to show cause why he should not pay to the petitioner $4675.65, half the commissions, with interest. A citation was accordingly awarded. The respondent demurred because the petition set forth no claim or demand or debt against the estate of Thomas Wickersham, or any matter relating to that estate, cognisable in the Orphans' Court; and because the Orphans' Court has no jurisdiction to apportion between executors commissions for services as such.

The court sustained the demurrer and dismissed the petition.

On appeal by Morris S. Wickersham to the Supreme Court, this was assigned for error.

*S. Hood*, for appellant, referred to Act of June 16th 1836, sect. 19, art. 3, and 8 Pamph. L. 792, Purd. 764, pl. 8; Kittera's Estate, 5 Harris 422; Ashford *v.* Ewing, 1 Casey 213; Springer's Appeal, 5 Id. 208; Swain *v.* Ettling, 8 Id. 486, 489; Black *v.* Black, 10 Id. 354; Holliday *v.* Ward, 7 Harris 485; Whiteside *v.* Whiteside, 8 Id. 473; Gochenaur's Estate, 11 Id. 460; Bull's Appeal, 12 Id. 286; Woodward's Appeal, 2 Wright 322; Horner *v.* Hasbrouck, 5 Id. 169; Adams's Appeal, 11 Id. 94; Hughes's Appeal, 7 P. F. Smith 179; Girard Life Ins. Co. *v.* Wilson, 7 Id. 182.

*G. W. Biddle*, for appellee, cited Davis's Estate, 1 Phila. Rep. 360; Walker's Estate, 9 S. & R. 223; Ashton's Estate, 5 Whart. 240; Adams's Appeal, 11 Wright 94.

The opinion of the court was delivered, February 7th 1870, by

Thompson, C. J.—The appellant petitioned the Orphans' Court for a citation to his co-executor to "show cause why he shall not pay your petitioners the sum of $4675.65, with lawful interest on the same," which he alleges was his share of commissions as one of the executors of Thomas Wickersham, deceased, and which he charges was allowed by the Orphans' Court and received by his co-executor, the appellee. These commissions were allowed in bulk; that is, were not apportioned by the Orphans' Court, and were received by the appellee in 1861. The appellee demurred to the petition and denied the jurisdiction of the Orphans' Court in the premises, and the court below sustained the demurrer; whether that was right, is the question now to be determined.

That it was cannot be denied. The money claimed was not in the Orphans' Court, but in the hands of one over whom the Orphans' Court had no jurisdiction as to the matter in controversy. It is not money of the estate the appellee holds. His co-executor is not a distributee of the estate on account of commissions earned. His compensation does not stand on the same footing as a creditor. If it did it would be subject to abatement like other debts, in case the estate were insolvent. This is never the case, as we

[Wickersham's Appeal.]

all know.  I will not say that the Orphans' Court might not apportion the commissions allowed between co-executors and administrators; but if it be not done, and one receives all, the remedy of the other is in the common-law courts on the implied assumpsit raised by the possession of the money.  It would be a novelty to witness a contest between the executors in the Orphans' Court in regard to mutual claims against each other for money jointly earned and received after the whole estate has been settled and the money all distributed to those entitled as distributees. That would be legal, although novel, if we were to sustain the principles of this appeal.  Of course, if this were the law, then one executor would be obliged to file an account in the Orphans' Court, not with the estate, but with his co-executor, and it would have to go through every process that executors' accounts are liable to, viz., notice, reference to an auditor, exceptions and decree of distribution and appeal.  This too, in a matter wherein the money in controversy is not held in trust for the estate, and where the claimant is not a creditor of the estate, as shown by Adams' Appeal, 11 Wright 94.  In Walker's Estate, 9 S. & R. 223, it was said, that if the services of executors are unequal, they shall do justice among themselves by assigning a share of the commissions to each, in proportion to his trouble; if they choose to divide it equally it is their business and no concern of the court.  The same thing was said in Nolen's Estate, 5 Wh. 240; in Davis' Estate, 1 Phila. Rep. 360, it was held, per Thompson, P. J., "the amount allowed includes the whole commissions to which both (Adams') are entitled for all services included in the account, *which it is not for us to apportion.*"  That decision was acquiesced in and has always been the rule of that court.  No other could exist.  We cannot assist the appellant to escape any of the incidents of a common-law action if they stand in the way of a recovery.  If he has delayed action too long, that is his fault; the law cannot be changed to aid him against his own delay.   There being no error in the record, the decree of the court below dismissing the petition is affirmed at the costs of the appellant, and this appeal is dismissed with costs.