# Greble's Estate (No. 1).

*Trust and trustees—Commissions—Jurisdiction of orphans' court.*

The orphans' court has no jurisdiction over an apportionment of commissions among trustees.

*Trust and trustees—Retiring trustee—Tender of trust funds to continuing trustee.*

Where differences arise between an acting trustee and his two cotrustees, and the latter direct that no checks shall be paid, except upon the signature of all three trustees, and thereafter the acting trustee opens an account in another trust company in his own name as trustee, and all the moneys of the estate are kept in this account until the acting trustee files his final account and is discharged, a tender by the acting trustee to the cotrustees of a check on the second trust company signed by himself, and also a check on the first company, and requiring only the signatures of the cotrustees, the two checks aggregating the entire amount which the retiring trustee was required to pay over, is a good tender, and the cotrustees cannot compel the retiring trustee to pay the whole amount due by him out of the second account.

Argued Oct. 14, 1900. Appeal, No. 45, Oct. T., 1900, by Bloomfield Brower et al., from decree of O. C. Phila. County,

April T., 1886, No. 176, dismissing petition for an order in the estate of Edwin Greble, deceased.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Petition for an order to pay over money.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing petition.

*Rudolf M. Schick*, for appellant.—The moneys on deposit with the Philadelphia Trust, Safe Deposit and Insurance Company are the principal moneys . . . . belonging to the said trusts: Bank of Northern Liberties v. Jones, 42 Pa. 536; Farmers & Mechanics' National Bank v. King, 57 Pa. 202; Thompson's App., 22 Pa. 16.

These petitioners have a right to follow these moneys on deposit, and demand their payment to them: Bank of Northern Liberties v. Jones, 42 Pa. 536; Oliver v. Piatt, 3 Howard, 333.

*Joseph F. Lamorelle* and *Hampton L. Carson*, for appellee.

OPINION BY WILLIAM W. PORTER, J., January 22, 1901:

In form this is a petition by two continuing trustees for an order upon a retiring trustee to pay over a certain balance of the trust funds.  It requires but little penetration to discern the underlying controversy, which involves an apportionment of commissions among trustees, a subject over which the orphans' court has no jurisdiction: Wickersham's Appeal, 64 Pa. 67.  With this, however, we have nothing to do, but will take the record as we find it.  The order to pay was refused by the court below.  The opinion thus gives the reasons: " It is conceded that securities belonging to the trust have been duly assigned and transferred to them, and the only reason that the cash balance has not been received is because the action of the petitioners had made the joint check of the respondents and themselves necessary for the purpose of payment. He has handed them, however, checks for the full amount signed by himself, and their own signatures to one of them are all that is required to make them draw the money, or to have

it transferred to their exclusive credit as trustees. This rests entirely with themselves."

Some facts will show the correctness of this holding. Pratt, the appellee and outgoing trustee, had been the sole managing trustee for many years. Stimulated by some of the heirs, the cotrustees gave an order to the Fidelity Trust Company, where the estate funds were deposited, to thereafter pay checks only when signed by all of the three trustees. Pratt thereupon opened a separate account, as trustee, in the Philadelphia Trust Company. No more checks were drawn on the Fidelity Trust Company account, but all collections and disbursements passed through the account in the Philadelphia Trust Company until the audit by the court of the several separate accounts of the trusts was completed. Commissions were allowed generally to the trustees by the court, although Pratt had been the only active trustee. Nothing appears by the record before us showing out of which bank account these commissions were to be drawn. When the adjudications were completed, some moneys were in the Philadelphia Trust Company account. These were withdrawable by Pratt only. Some were still in the Fidelity Trust Company account. These could be withdrawn only by check signed by all three trustees. Both accounts contained the trust funds of the estate, and nothing appears which would justify us in holding that the balance of cash due the succeeding trustees should be paid out of the funds with one of the depositaries rather than out of the funds with the other. Under these circumstances, a check drawn on the Philadelphia Trust Company account, signed by Pratt, and a check drawn on the Fidelity Trust Company account, signed by Pratt and requiring only the signatures of the cotrustees to make it cash, were such a tender by the outgoing trustee as to warrant the court below in refusing to make an order that Pratt should pay the full amount out of the Philadelphia Trust Company account.

The decree is affirmed.