CATHERINE M. SPEIRS v. HENRY C. WISNER.

[See 70 Mich. 271; 74 Id. 143.]

*Executors and administrators—Commissions—Accounting—Equity jurisdiction.*

1. Equity has jurisdiction of a suit by one executor against his co-executor, who has received all of the statutory commissions, for an accounting and division of such commissions.

2. There is no rule of law or equity which declares that co-executors, without regard to the time spent, responsibility assumed, or services rendered, are entitled to an equal *pro rata* share of the statutory fees.

3. One of three executors, who managed the business and had the responsibility of administering the estate, received the statutory commissions. One of his co-executors resided in another state, and the other, the widow, who was absent much of the time during the settlement of the estate, obtained an assignment from the non-resident executor of his claim to such commissions, and filed a bill to compel the managing executor to pay her two-thirds of the commissions he had received, which is dismissed, the Court holding that, under the facts of the case, complainant is not entitled to the relief prayed for.

Appeal from Wayne. (Reilly, J.) Argued October 15, 1891. Decided December 21, 1891.

Bill by an executrix for an accounting and division of statutory commissions. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Moore & Moore,* for complainant, contended:

1. Equity has jurisdiction; citing Williams, Ex'rs, 1911; Story, Eq. Jur. § 466; Schouler, Ex'rs, §§ 403–405; *Huff v. Thrash,* 75 Va. 546; *Marsh v. Harrington,* 18 Vt. 150; *Conner v. McIlvaine,* 4 Del. Ch. 30.

2. An agreement between co-executors that one of them alone shall manage the estate is void as against public policy; citing Schouler, Ex'rs, § 404. This is a sound rule of law. An execu-

tor should either act or resign. Public policy will not allow him to turn over the business and responsibility to another. We think our statute intends that the commissions shall be divided equally, and, if one executor performs extraordinary services, he shall be paid for the same.

*H. C. Wisner*, in *pro. per.*, contended:

1. How. Stat. § 5959, gives the executor commissions upon the personal estate collected and accounted for by him, and the jurisdiction given the probate court to pass upon the accounts of executors is complete; citing How. Stat. §§ 5949, 5957, 5958; *Holbrook v. Campau*, 22 Mich. 288; *Hall v. Grovier*, 25 Id. 428; and, as to the remaining questions involved, contended for the doctrine of the opinion.

CHAMPLIN, C. J. Mr. Wisner, Mr. Kleinhans, and Mrs. Speirs were co-executors of Mr. Mabley's will, filing a joint bond in the penal sum of $1,000.

Mr. Wisner filed two accounts, showing that he had received from the estate and retained all the commissions allowed by the statute, and asking for a further allowance for extraordinary services rendered. All these accounts were contested by the estate, Mrs. Speirs objecting to the amount claimed for extraordinary services, and claiming that Mr. Wisner was entitled to only one-third of the commissions. Each of these suits was carried to this Court. *Wisner v. Mabley's Estate*, 70 Mich. 285; 74 Id. 143. This Court fixed his allowances for extraordinary services, but held that, as between Mr. Wisner and his co-executors, any executor could collect all the commissions, and their distribution could only be determined by a suit between themselves. After this decision Mr. Kleinhans assigned his claim to the commissions to Mrs. Speirs, and she files a bill of complaint for an accounting, claiming two-thirds of the commissions, being the shares of the two executors.

We think equity had jurisdiction over the subject-matter, and is competent to afford relief.

The only question we have is, in view of the whole history of the case, is the complainant entitled to the decree prayed for? It appears very clearly that Mr. Wisner was the executor who managed the business, and who had the responsibility of administering the estate. It is true that he consulted with his co-trustees from time to time, as was proper for him to do, and to keep them advised of the situation. We cannot lose sight of the fact, however, that these fees were allowed to defendant, Wisner, by the probate court, against the strenuous objections of complainant, as being justly due to him as a part of his compensation, although the fact of such allowance is not binding upon the conscience of this Court. One of the co-executors, Mr. Kleinhans, did not reside in this State, and the complainant was absent from the city much of the time during which the estate was in process of settlement. It strikes us as manifestly unjust that complainant should, by obtaining an assignment from a non-resident executor, demand two-thirds of the statutory fees allowed for administration. There is no rule of law or equity which declares that co-executors, without regard to the time spent, responsibility assumed, or service rendered, are entitled to an equal *pro rata* share of the statutory fees. Neither Mrs. Speirs nor Mr. Kleinhans have made or filed a report of their doings as executors in the probate court, and never joined their co-executor in so doing.

Considering all the facts, and weighing all the equities, we do not think that the complainant is equitably entitled to two-thirds of the statutory fees awarded and allowed by the probate court to the defendant, and her bill of complaint should be dismissed, with costs.

The other Justices concurred.