[S. F. No. 2080.    Department One. — March 5, 1901.]

In the Matter of the Estate of J. W. CARTER, Deceased.
JAMES TAYLOR ROGERS, Executor, Appellant, v.
MRS. S. F. CARTER et al., Respondents.

ESTATES OF DECEASED PERSONS — FINAL ACCOUNT OF EXECUTORS — AP-
PORTIONMENT OF COMMISSIONS — IMPLIED FINDING — APPEAL. — In
the final account of executors the commissions should be appor-
tioned to each executor in proportion to the labor he has performed.
Where the apportionment of commissions is made equally to each
executor, there is an implied finding that there was no substantial
difference in the amount of services performed by each, and if the
evidence is fairly conflicting, the apportionment will not be dis-
turbed upon appeal.

ID. — CONTRACT AS TO APPORTIONMENT OF COMMISSIONS — REMEDY. — A
contract entered into between the executors and the devisees as to
the apportionment of the commissions cannot be considered upon
the hearing of the final account of the executors, but must be set-
tled between them in some other proceeding in another forum.

ID. — APPROPRIATION OF COMMISSIONS UNDER ALLEGED CONTRACT —
CHARGE OF INTEREST. — Where one of the executors, claiming
under an alleged contract that he was to have the entire commis-
sions, appropriated to his own use the amount thereof, in advance
of the settlement of the estate, he was properly charged, in the
final account, with interest upon the entire sum so appropriated.
He was not entitled to his commissions until the settlement of the
final account.

APPEAL from an order of the Superior Court of Sonoma
County settling the final account of executors.    S. K. Dough-
erty, Judge.

The facts are stated in the opinion of the court.

Thomas Rutledge, and James Taylor Rogers, in pro. per., for
Appellant.

Schlotterback & Lea, for Respondents.

GAROUTTE, J.—This appeal is taken by the executor
from an order settling his account.   He was a joint executor
with one Hardin, and upon the settlement of their final ac-
count he was allowed one half of the commissions to which
executors are entitled by the law.    He now claims that he did

CXXXII. Cal.—8

nearly all of the work in the administration of the estate, and for that reason was entitled to a greater share of commissions than his co-executor. Some four years prior to the settlement of the final account he appropriated about one thousand dollars of the money of the estate, claiming it to be his commissions as executor. Upon the settlement of his accounts the trial court charged him interest upon this amount. This action of the trial court is also alleged to be error.

The appellant's first claim is to the effect that he had a contract with his co-executor and the devisees, whereby he was to receive all the commissions allowed to the executors. There is some evidence upon both sides of this claim, but the court holds the matter to be one of no importance. What particular contracts may have been entered into between these parties as to the apportionment of the executors' commissions is a matter which should be heard in another forum. The hearing of a final account by the probate department of the court is not the place to settle disputes of this character. These parties are not entitled to litigate a question of that kind upon the hearing of the settlement of a final account. The existence of that character of contract, and its validity after being made, are matters of no interest to the estate, and must be heard and determined at some other time and in some other proceeding.

While the commissions of the co-executors need not necessarily be equal (*Hope* v. *Jones*, 24 Cal. 89), still it would only be in exceptional cases that this court would disturb the decision of the probate court in matters of this character. The law declares the commissions should be apportioned to each executor in proportion to the labor he has performed, and in the present case this apportionment is based upon an implied finding of fact which the court will not disturb. The apportionment made declares inferentially as a fact that there was no substantial difference in the amount of services performed by each of these two executors, and the evidence is fairly conflicting upon that point.

The executor was properly charged with interest upon the sum he appropriated as his commissions. He was not entitled to his commissions until the settlement of his final account. (*In re Rose*, 80 Cal. 180.) This money belonging to the estate was appropriated by him to his own use, and under these circumstances he was properly charged with interest upon the amount.

For the foregoing reasons the superior court is directed to modify the order and decree of distribution by deducting therefrom the amount charged to the executor Rogers for interest upon the sum of $626.08, found to be due him for commissions, and as so modified the judgment and order will stand affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.