### GROOVER, administrator, *v.* ASH, administrator.

Where the surviving administrator of an estate makes to the ordinary final returns which the latter approves, and in such returns full commissions are charged and allowed for all services rendered such estate by the surviving administrator and his deceased coadministrator, and makes application for his discharge as such administrator, the representative of the estate of the deceased coadministrator has no right to maintain a caveat to such application and prevent such discharge because the surviving administrator has not paid to the estate of the deceased coadministrator the proper amount of such commissions for services rendered by the latter.

(*a*) The liability of such surviving administrator to the estate of the deceased administrator for such of the commissions as may be due such estate for services rendered by the deceased administrator is a personal liability.

(*b*) Where the proceedings on such application and caveat were pending on appeal in the superior court of the county wherein the surviving administrator did not reside, an application by the representative of the deceased coadministrator to enjoin such pending proceedings, and to recover from the former the amount of commissions due for such services rendered by the latter, was properly dismissed on demurrer.

Argued January 7,—Decided April 14, 1909.

Equitable petition. Before Judge Rawlings. Bulloch superior court. April 27, 1908.

*Brannen & Booth,* for plaintiff.

*Travis & Travis,* for defendant.

HOLDEN, J. The plaintiff in error is the present representative of the estate of J. L. Olliff, deceased, and as such seeks, in an equitable petition in Bulloch superior court, to collect from the defendant, a resident of Effingham county, certain commissions alleged to be due the plaintiff's intestate for services rendered the estate of W. M. Foy, on which his intestate and the defendant were coadministrators. After the death of the plaintiff's intestate the defendant, as surviving administrator, made final returns on the estate of which these two were joint administrators, which returns were allowed by the ordinary. In these returns the defendant credited himself with commissions amounting to several thousand dollars, and credited the plaintiff's intestate with only a small amount; and then he filed his application for discharge as administrator. To this application a caveat was filed by the representative of the deceased administrator, alleging that the bulk of the services rendered the estate were rendered by the plaintiff's intestate and that he was entitled to two thirds of the commissions charged by the defendant in the final returns, which caveat proceedings are now pending on appeal in the superior court of Bulloch county. The present petition set up the grounds stated in the caveat, and sought to enjoin the proceedings thereunder until the defendant made a final settlement with the petitioner for the amount due his intestate, and prayed that he be awarded a judgment for two thirds of the commissions shown and allowed in the said final return. To the order of the court sustaining a demurrer and dismissing the petition the plaintiff filed exceptions.

It will be seen from the foregoing statement that the plaintiff, who is seeking to enjoin the proceedings wherein the defendant made application to be discharged as administrator, and to which the plaintiff filed a caveat on the ground that the defendant owed the plaintiff's intestate two thirds of the amount of commissions charged by the defendant in his final return, is endeavoring to obtain a judgment therefor in the injunction proceeding. The plaintiff made no application to the ordinary to award to the estate of the deceased administrator compensation out of the estate for serv-

ices rendered, as was the case in *Owen* v. *Walker*, 26 *Ga.* 347.   The plaintiff makes no complaint that the proper amount of compensation has not been awarded for services rendered by both administrators.   The meaning of his allegations is that full and proper compensation has been awarded for all services rendered by both administrators; and his only complaint is that the amount of $4,088.14 claimed by the defendant for himself and the amount of $191.75 allowed to the estate of plaintiff's intestate by the defendant in his final returns, as their respective shares of the commissions, are out of proportion to the amount of services respectively rendered by them, and that as the plaintiff's intestate performed two thirds of the services rendered the estate by the administrators, the plaintiff should recover two thirds of the total commissions allowed, in view of the Civil Code, §3486, wherein it is provided that "if there are more administrators than one, the division of the commissions allowed them, among themselves, shall be according to the services rendered by each."   It does not appear that the plaintiff, or his intestate, was a party to any proceeding to award any specified amount of commissions to plaintiff's intestate and a specified amount to the defendant.   It does not appear that the plaintiff is barred from suing the defendant and setting up a claim against him for part of the amount awarded the defendant for services rendered by him.   The fact that the return made by the defendant charges a certain amount as due the plaintiff's intestate for services rendered by such intestate and a certain amount to the defendant does not serve to bar the plaintiff from suing the defendant to recover from him such part of the amount awarded to the defendant as may be a just proportion due the plaintiff's intestate according to the amount of services rendered by him.   It appears from the allegations of the plaintiff's petition, and from the final returns made by the defendant attached thereto, that the estate has been fully administered.   The commissions due for all services rendered the estate by both administrators have been charged in the returns, and the accounts between the administrators and the distributees of the estate in this final return are balanced.   The division of the commissions between the two representatives of the estate is a matter of no further concern either to the creditors or to the heirs.   After commissions have been allowed by the ordinary in the final return of the surviving administrator for

all services rendered by him and his deceased coadministrator, the court of ordinary is not the proper forum for the surviving administrator and the representative of the deceased coadministrator to settle their disputes over a proper division of the commissions allowed. The commissions allowed have been detached or separated from the corpus of the estate and cease to be assets of the estate, so far as concerns the parties entitled to such commissions. The estate has no more concern or interest in what division is made of such commissions between the two representatives than has a debtor who pays to one member, or the surviving member, of a partnership a debt which he owes the partnership, in a dispute between the partners as to how such amount should be divided between the partners. Where the proper amount of commissions for services rendered by all the representatives of an estate have been charged in the final returns by the surviving administrator and allowed by the ordinary, such amount is not thereafter held in trust for the estate. The parties at interest should settle the matter justly among themselves; and if they can not, and litigation is necessary, the court of ordinary is not the proper forum in which to litigate. Under the allegations of the petition, where such surviving administrator and the representative of his deceased coadministrator can not settle among themselves the amount which each should receive, the latter has the right to sue the former for the amount that should be paid to him out of the commissions allowed. In Wickerham's Appeal, 64 Pa. 67, it was held: "One of two executors filed an account in which were charged full commissions; he was cited in the orphans' court to pay the other executor his proportion. *Held,* that the orphans' court had no jurisdiction." And on pages 68-69, it was said in the opinion: "The money claimed was not in the orphans' court, but in the hands of one over whom the orphans' court had no jurisdiction as to the matter in controversy. It is not the money of the estate the appellee holds. His coexecutor is not a distributee of the estate on account of commissions earned. His compensation does not stand on the same footing as a creditor. If it did, it would be subject to abatement like other debts, in case the estate were insolvent. This is never the case, as we all know. I will not say that the orphans' court might not apportion the commissions allowed between coexecutors and administrators; but if it be not done, and one receives

all, the remedy of the other is in the common-law courts on the implied assumpsit raised by the possession of the money. It would be a novelty to witness a contest between the executors in the orphans' court in regard to mutual claims against each other for money jointly earned and received after the whole estate has been settled and the money all distributed to those entitled as distributees. That would be legal, although novel, if we were to sustain the principles of this appeal. Of course, if this were the law, then one executor would be obliged to file an account in the orphans' court, not with the estate, but with his coexecutor, and it would have to go through every process that executors' accounts are liable to." In re Carter's Estate, 132 Cal. 113, 114 (64 Pac. 123, 124), the following language was used: "The appellant's first claim is to the effect that he had a contract with his coexecutor and the devisees, whereby he was to receive all the commissions allowed to the executors. There is some evidence on both sides of this claim, but the court holds the matter to be one of no importance. What particular contracts may have been entered into between these parties as to the apportionment of the executors' commissions is a matter which should be heard in another forum. The hearing of a final account by the probate department of the court is not the place to settle disputes of this character. These parties are not entitled to litigate a question of that kind upon the hearing of the settlement of a final account. The existence of that character of a contract, or its validity after being made, are matters of no interest to the estate, and must be heard and determined at some other time, and in some other proceeding." In this connection, see also Huff v. Thrash, 75 Va. 546, 549, 550; Bellamy v. Hawkins, 16 Fla. 733; Mount v. Slack, 39 N. J. Eq. 230. Under the allegations of the plaintiff's petition it appears that the estate has been fully administered and the full amount of commissions have been awarded in the final returns of the surviving administrator for all services rendered by both representatives of the estate, and the plaintiff has no right to prevent the discharge of the surviving administrator, which should be granted in order to finally close up the administration of the estate. Where there are two administrators and they have the estate in hand in cash, and the commissions for services rendered by both are charged and audited in the final return and allowed by the ordinary, the commissions due

both are paid by the estate; and the fact that one of the joint administrators has in hand the money which pays the commissions due both only creates an individual liability on his part to his coadministrator for the latter's part of the commissions. The surviving administrator had the entire estate in his hands, and had the right in his final returns to charge up the full amount of commissions due him and his deceased coadministrator. When he did this the amount retained and charged as the full and proper amount of commissions due him and his deceased coadministrator ceased to be assets of the estate; and the surviving administrator was liable as an individual, and not as administrator, to the estate of plaintiff's intestate for the latter's share of the commissions. For this reason, the sureties on the bond of the surviving administrator would not be liable for the commissions due the estate of the deceased coadministrator by the surviving administrator. The plaintiff's remedy to obtain a share of the commissions properly belonging to the deceased administrator is to bring suit against the surviving administrator in his individual capacity. It follows from what has been said that the plaintiff has no right to enjoin the trial of the case wherein the surviving administrator is seeking a discharge, because no sufficient reason is offered why such discharge should be blocked. The only grounds claimed why the superior court of Bulloch county should take jurisdiction being based on the plaintiff's alleged right to enjoin the caveat proceedings pending in that court on appeal from the court of ordinary, and as no such right exists, the superior court of that county has no jurisdiction of a suit to recover the commissions alleged to be due the plaintiff's intestate by the defendant in error, who resides in Effingham county; and the court committed no error in dismissing the plaintiff's petition on the demurrer filed.

<em>Judgment affirmed. All the Justices concur.</em>