## ELBERT L. SLINGERLAND v. GEORGE A. NORTON AND OTHERS.[1]

February 23, 1917.

Nos. 20,157—(278).

**Executor and administrator — compensation — division by district court.**

It is within the province of the probate court to determine the amount due each executor for his services, but where that court, instead of doing so, allows a lump sum for the services of all the executors, the district court may apportion such sum between the executors in proportion to the services which they have respectively rendered to the estate.

Action in the district court for Dodge county against George R. Norton, the First State Bank of Mantorville, National Bank of Kasson and American Surety Company, to obtain a decree that plaintiff was entitled to $10,500 out of the sum of $21,000 allowed to plaintiff and defendant as their compensation as executors of the last will and testament of Teunis S. Slingerland, deceased. The case was tried before Childress, J., who denied plaintiff's motion for judgment upon the pleadings and upon counsel's opening statement, and when defendant rested denied plaintiff's motion for findings in his favor, and a jury which fixed $9,000 as the compensation of plaintiff and $11,000 as the compensation of defendant. Plaintiff's motion for judgment notwithstanding the verdict was denied. The court ordered judgment in accordance with the verdict. Plaintiff's motion to amend the findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Edgerton & Dohs,* for appellant.

*Sasse & French,* for respondent.

TAYLOR, C.

Plaintiff and defendant Norton, who will be designated as defendant

[1] Reported in 161 N. W. 497.

hereafter, were the executors of the will of Teunis Slingerland, deceased, who left an estate worth more than a million. After fully administering the estate, they filed their final account and a final decree was entered assigning the property to those entitled thereto. The probate court allowed the executors the lump sum of $21,000 for their services, of which $1,000 was paid to an attorney employed by them, leaving $20,000 for division between themselves. This money, except what was drawn out by consent before the dispute arose, is in defendant bank subject to their joint checks. Plaintiff claimed that the money should be divided equally; defendant claimed that he had rendered the greater part of the services and was entitled to the greater part of the compensation. As a result of this dispute neither would sign a check by which the other could obtain any more of the money, and this suit followed. The trial court determined that plaintiff was entitled to $9,000 of the $20,000 allowed by the probate court, and defendant to $11,000 thereof, and rendered judgment accordingly. Plaintiff appealed.

The only question meriting consideration is whether, as a matter of law, the compensation allowed the executors by the probate court must be divided between them equally, although one rendered greater service than the other. If the district court had power to apportion the compensation upon the basis of the services rendered, there is no sufficient ground for disturbing the judgment.

If the probate court had apportioned the money between the executors, either equally or otherwise, its decision would undoubtedly be conclusive in this action brought in the district court by one executor against the other; but, where the probate court makes an allowance in gross to two executors, does it necessarily follow that the court has determined that each is entitled to one-half thereof? The executors in this case were not adverse parties in the proceedings before the probate court, but presented a single claim for the services of both, without asking that court to consider or determine their respective rights in the amount allowed. The controversy in that court was wholly between the executors on one side, and the distributees of the property on the other, concerning the gross amount to be allowed to the executors. A compromise was finally effected, and by agreement the executors were allowed the lump sum of

$21,000. No question as to its division between themselves was raised or considered.

Speirs v. Wisner, 88 Mich. 614, 50 N. W. 654, 26 Am. St. 306, involved the rights of three executors in the fees allowed by the probate court. The defendant in that action appears to have done substantially all the work in probating the estate, and collected all the fees allowed by the probate court. The plaintiff, to whom the claim of the third executor had been transferred, brought suit in the circuit court to recover from the defendant two-thirds of the fees received by him. The court say that "any executor could collect all the commissions, and their distribution could only be determined by a suit between themselves;" and after further remarking that "there is no rule of law or equity which declares that coexecutors, without regard to the time spent, responsibility assumed, or service rendered, are entitled to an equal *pro rata* share of the statutory fees," held that the plaintiff was not entitled to recover. While there are decisions looking the other way, the weight of authority is in accord with the rule adopted by the Michigan court. Wickersham's Appeal, 64 Pa. St. 67; Groover v. Ash, 132 Ga. 371, 64 S. E. 323, 22 L.R.A.(N.S.) 1119, 131 Am. St. 201; Estate of Carter, 132 Cal. 113, 64 Pac. 123, 484; 17 Am. & Eng. Enc. (2d ed.) 633; 11 R. C. L. 232.

Although it is within the province of the probate court to determine the amount due each executor, yet where that court, instead of doing so, simply allows a lump sum for the services of all the executors, we follow what we consider as the prevailing and better rule, and hold that the district court may apportion such sum between the executors in proportion to the services they have respectively rendered to the estate.

Judgment affirmed.