M. L. GUTHRIE, Administrator of Estate of Sallie E. Crews, and CLAUDIUS E. CHEATHAM, Appellants, v. ROBERT N. CREWS, and ROBERT N. CREWS, Executor of Estate of Robert A. Crews.

Division One, March 5, 1921.

1. **WILL:** Construction: Intention. The intention of the testator is to be gathered from the whole instrument, and must be fully effectuated if not violative of some established rule of law.

Guthrie v. Crews.

.2 ———: ———: **Life Estate: Power of Sale.** By his will, whereof he made his wife and another executors, testator, after providing for the payment of his debts, devised all his property, real, personal and mixed, to his wife for and during her natural life for her support and maintenance, including therein traveling expenses without limit and a reasonable amount that she might give to church or charities, and for such purposes gave her or the other executor or both power to sell and convey any or all of his real estate; and provided that at her death his estate should be sold by his executor as fast as prices might warrant, and the proceeds be divided among certain named persons. In the lifetime of the wife all the real estate was sold under the power, and part of the proceeds thereof, as well as all the income therefrom and all the personalty, were used in the support and maintenance of the wife. *Held*, under this will the exercise of the power of sale did not convert her life estate in the proceeds of sale of the property into an estate in fee, but whatever remained of the property at her death was governed by and should be distributed according to the testator's will.

3. ———: ———: **Life Tenant's Right to Income.** Under the foregoing will the life tenant was entitled to the entire income from the estate during her life for her support and maintenance, and having received and consumed it, neither her administrator nor her heirs are entitled to be reimbursed therefor out of the corpus of the estate.

4. ———: ———: ———: **Income Returned to Estate.** Where the life tenant under the foregoing will had received part of the estate for her support, maintenance and traveling expenses and returned it to her co-executor who, with her knowledge and consent, returned it to the estate, it became part of the estate and passed to the legatees under the will at her death as against her administrator and heirs.

5. ———: **Executor's Commissions: Division Thereof.** Where two persons are made executors of a will and both qualify, but one does nearly all the work of ,ooking after the estate and by reason thereof they agree that he shall, and he does, receive most of the commissions due the executors, such agreement is binding, and neither the administrator nor the heirs of the other executor after his death can recover any of such commissions.

Appeal from Callaway Circuit Court.—*Hon. David H. Harris*, Judge.

AFFIRMED.

*B. A. Campbell* and *J. R. Baker* for appellants; *C. W. Marston* of counsel.

(1) The will of a husband giving a life estate to the wife with remainder over to legatees named in the will, but giving a wife power to sell and dispose of the property, creates in her a fee simple estate if she exercises the power. Grace v. Perry, 197 Mo. 563; Simmons v. Cabanne, 177 Mo. 336; Gannon v. Pauk, 200 Mo. 75; Russell v. Eubanks, 84 Mo. 83; Association v. Fueller, 182 Mo. 93. (2) A power of disposition of the fee added to a life estate is not repugnant to the life estate or to the remainder over. If not exercised, it leaves both estates unaffected by it. If exercised, it defeats the remainder in the property disposed of and the remaindermen and heirs of testator will take nothing. See cases above. (3) Where, under a husband's will, a wife takes a life estate in certain property with the added power of disposition and she exercises that power, then not only is the right of remainderman in the property defeated and cut off, but the proceeds of such sale becomes her absolute property and pass, upon her death, to her heirs only. Association v. Fueller, 182 Mo. 110; Ellis v. Flanningan, 279 Ill. 92; Papin v. Piednoir, 205 Mo. 521. (4) Courts will endeavor to dispose of property according to the true intention of a testator. What his intention is will be determined by reading the will as a whole, and when this true intention of testator is so found all technical rules must give way thereto. This is well settled law in Missouri as declared by our courts in every case where a will was before it. (5) The interest on money forming a part of a life estate belongs exclusively to the life tenant and the life tenant is entitled to all rents accrued from the property during the continuance of such estate and upon the death of such a life tenant passed to his or her legal representatives. This rule applies to rents and interest accrued prior to the death of the life tenant as well as to rents

and interest collected.  16 Cyc. pp. 621, 622, and 623; Edgar v. Emerson, 235 Mo. 552.

*R. D. Rogers, Nick T. Cave, McBaine, Clark & Rollins* for respondent.

(1) Robert A. Crews by his will left his estate to his wife for her support and maintenance during her life-time, and provided that at the death of the wife the estate "shall be sold as fast as prices may warrant" by the executor, and the proceeds be divided among the devisees named in said will.  Upon the death of Sallie E. Crews the estate did not descend to her heirs, the appellant herein, but the unexpended remainder passed according to the terms of the will of Robert A. Crews.  Sec. 538, R. S. 1909; Stewart v. Jones, 219 Mo. 614; Redmond v. Barger, 118 Mo. 568; Lewis v. Pittman, 101 Mo. 281; Monro v. Collins, 96 Mo. 33; Harbison, Admr. v. James, 90 Mo. 411; Schneider v. Kloepple, 270 Mo. 395; Evans v. Folks, 135 Mo. 397; McMillan v. Farrow, 141 Mo. 55; Stief v. Seibert, 128 Iowa, 746, 6 L. R. A. (N. S.) 1186; Middleton v. Dudding, 183 S. W. 443; Trigg v. Trigg, 192 S. W. 1011; Rickets v. Peoples' Bank, 196 S. W. 26; Gibson v. Gibson, 238 Mo. 490; Threlkeld v. Threlkeld, 238 Mo. 459; Priest v. McFarlane, 262 Mo. 229.  (2) The rents collected from the property left by Robert A. Crews during the life-time of Mrs. Crews were expended by her for her support and maintenance.  The estate of Robert A. Crews cannot, therefore, after the death of the life tenant be charged by Mrs. Crews's heirs with the amount of rents and profits derived by her during her lifetime from the estate, on the theory that her support and maintenance should be taken from the *corpus* of the estate.  (3)  The respondent cannot be charged with one-half of the amount of the executor's fees collected from the estate of Robert A. Crews.  He was co-executor with Mrs. Crews, who was executrix.  He looked after

all the business of the estate and Mrs. Crews gave him her portion of the fees. This was an absolute gift. Under the petition this was not before the court for decision. Newham v. Kenton, 79 Mo. 382.

ELDER, J.—This is primarily a suit to determine the proper disposition of certain moneys derived from the sale of real estate belonging to the estate of Robert A. Crews, deceased, of which his widow, Sallie E. Crews, and defendant, Robert N. Crews, were executors, together with interest received thereon by said executors and rents collected by them prior to the sale of such real estate. The question of an accounting by defendant Robert N. Crews for commissions received by him as one of the executors of the estate and for a small sum received by him from Sallie E. Crews during her illness are also incidentally presented. The trial court found the issues in favor of defendants and dismissed plaintiffs' bill. From this finding and judgment plaintiffs appeal.

Robert A. Crews died in the early part of the year 1903, childless and without any lineal decendants, and leaving as his heirs his widow, Sallie E. Crews, and a number of collateral relatives. At the time of his death and at all times prior thereto he resided in Callaway County, Missouri. He was married in 1868 and from that time on accumulated considerable property, both real and personal, of which he died possessed, the most valuable part thereof consisting of real estate in the city of El Paso, Texas. By a will, which was admitted to probate in the Probate Court of Callaway County, Missouri, and February 20, 1903, he disposed of his entire estate and appointed his widow, Sallie E. Crews, and defendant Robert N. Crews executors thereof. This will is as follows:

"Know All Men by these Presents, That I Robert A. Crews, of the City of Fulton, County of Callaway, Mo., do make and publish this my last will and testament.

"1.   After the payment of all just debts I will and devise to my wife, Sallie E. Crews, all my property, real and personal and mixed for and during her natural life for her support and maintenance, and for such purposes she or Robt. N. Crews, executrix and executor or both hereafter mentioned, are hereby authorized and empowered to sell any or all of my real estate, and said deed or deeds shall convey as good a title as I may have in same.   The words support and maintenance shall be construed to include traveling expenses without limit and a reasonable amount that she may give to church or charities.   At her death, my estate shall be sold as fast as prices may warrant by my executor without him giving bond.   And the proceeds to be divided as follows, to-wit:

"One-fifth to Claudius E. Cheatham, of Henry County, Missouri;

"One-fifth to John T. Crews, of Audrain County, Mo.;

"One-fifth to the children of my deceased brother, N. R. Crews, share and share alike;

"To Sallie Jane (Pink) Satterfield, one twenty-fifth;

"To Patrick E. Crews, the remainder of my estate.

"If my estate exceeds fifteen thousand dollars, then in that case, I give and bequeath and convey to the City of Fulton (if not sold) all that part of the west half of section sixteen, township forty-seven and range nine, lying and being south and west of Stinson Creek, for the use of a public park under the name of 'R. A. Crews Park.'   If said city refuse to maintain said park, the title shall be void and the proceeds arising from a sale shall be divided in same proportion as the property hereinbefore mentioned, that I have named as my heirs.

"The city shall have no authority or power to sell the same or cause it to be sold and conveyed to anyone whomsoever, but shall be a public park until conditions herein specified shall be broken and title forfeited.   I want a tombstone to cost not over one thousand dollars

($1,000) to be erected over my and my wife's graves, said stone shall bear at least the name of my wife and myself, and date of death, when the one who first dies is buried, the other to be buried by side of the other and the tombstone be at head of graves between the two.

"I herein and hereby appoint my wife, Sallie E. Crews, and Dr. Robert N. Crews to execute this my last will and testament without bond.

"In regards to the park, fifteen thousand dollars are to go to my heirs, and if a surplus over $15,000 and the park combined, it shall be distributed as the fifteen thousand dollars.

"In witness whereof, I have hereunto set my hand and seal, this twenty-second day of October, 1902.

"ROBT. A. CREWS (Seal)"

Said will was properly witnessed.

The executors named in the will qualified as such and took charge of the estate, Robert N. Crews largely assuming the management thereof and doing the active work in connection with the administration. While he consulted his co-executor, she relied largely upon his judgment. The inventory filed by them shows a small amount of cash on hand and in bank, stock in a few corporations, a number of notes, a few domestic animals and several pieces of real estate in Callaway County, Missouri, and in the city of El Paso, Texas. From May 12, 1904, to September 10, 1917, Sallie E. Crews and defendant Robert N. Crews, as executors, filed twelve annual settlements showing the cash received and the assets reduced to cash by them, together with the disbursements made, with proper vouchers thereof. These settlements disclose, as far as can be determined therefrom, that in all about $11,194.40 was realized from the sale of the real estate in Callaway County and about $20,344.29 from the sale of the El Paso, Texas, real estate; that a total amount of $4,694.96 was collected as rents, $3-822.83 received as interest, and $1,387.11 charged by the executors as commissions, of which latter amount, accord-

ing to the testimony of Robert N. Crews, his co-executor, Sallie E. Crews, received $76.95, leaving the amount retained by him for commissions as $1,310.16. These various sums cannot be determined with absolute accuracy for the reason that the settlements do not clearly indicate the sources of all cash received nor does the record or the statement of plaintiffs materially assist. With respect to the $1,310.16 retained by defendant Robert N. Crews as commissions, the evidence shows that, in view of the fact that he was doing practically all of the work of administration, the same was retained by him with the consent of Mrs. Crews and at her suggestion.

The settlements filed, coupled with the testimony, also show that aside from the payment of taxes on the real estate, repairs and improvements thereto, and the expenses of administration, practically all of the remaining disbursements made by the executors were made either directly to Sallie E. Crews, the widow aforesaid, or to others for her benefit in payment of her board, support, nursing and medical attention. The seventh annual settlement was filed on June 13, 1910, showing a balance of $472.35. The income derived from the estate was then beginning to prove insufficient for paying the taxes and expenses of the El Paso property and maintaining and supporting Mrs. Crews, and it became necessary to sell part of the real estate. No further settlement was filed until June 9, 1913, by which time practically all of the cash and other personalty of the estate had been exhausted, all of the real estate in Callaway County had been sold by the executors and the only property which then remained in their hands consisted of a balance of $712.13 and the El Paso real estate. The El Paso real estate was thereafter sold by the executors, the greater portion of the proceeds thereof being used for the support and maintenance of Mrs. Crews, who had become an invalid. On September 10, 1917, the twelfth, and last, settlement was filed showing a balance of $17,797.72. Among the receipts shown

by this settlement was an item of $80, which, according to the testimony, was an unexpended balance out of $200 remitted by defendant Robert N. Crews, as executor, to Mrs. Crews for her expenses while she was in Colorado and placed by her in her dress for safe keeping. Mrs. Crews subsequently becoming ill, and her nurse finding the money in the dress, upon instructions from Mrs. Crews the nurse turned the same over to defendant, who deposited it in the bank to the credit of the estate.

Sallie E. Crews died at the age of 75, about the time of the filing of the last settlement, childless and without any lineal decendants, leaving Claudius E. Cheatham, a brother, and one of the plaintiffs herein, as her only heir at law. She left a will which was duly admitted to probate in the Probate Court of Callaway County, Missouri, disposing of only her household effects, jewelry and clothing, with no residuary clause, and appointing the defendant Robert N. Crews as executor. That portion of said will which may be pertinent hereto is as follows, to-wit.

"I, Sallie E. Crews of the City of Fulton, Callaway County, Missouri, of lawful age and of sound and disposing mind and memory, though at present in feeble health, do make and declare the following to be my last will and testament.

"Having no child or decendants or father or mother living I make the following distribution of my worldly goods and chattels which I am sure will be more appreciated as keepsakes, and mementoes than for any intrinsic value that they may have."

(Here follows a distribution of her household effects, jewelry and clothing to various persons.)

"I appoint my cousin Dr. R. N. Crews the executor of this will without bond.

"Witness my hand this February 8, 1917.

her

"SALLIE X E. CREWS"

Mark

Said will was properly witnessed.

Defendant Robert N. Crews qualified as executor of the said will of Sallie E. Crews but afterwards resigned, whereupon M. L. Guthrie was appointed administrator, with the will annexed. M. L. Guthrie, as administrator and Claudius E. Cheatham, sole heir of Sallie E. Crews, are the plaintiffs herein, and Robert N. Crews, both in his capacity as executor of the will of Robert A. Crews, deceased, and in his individual capacity are defendants. The pleadings in the cause are not challenged, therefore there is no necessity for reproducing them here.

The plaintiffs contend: *First,* That under the will of Robert A. Crews the proceeds of all property reduced to cash, prior to the death of Sallie E. Crews, became her absolute property. *Second,* That the real estate having been sold by the executors under the power given by the will of Robert A. Crews, the exercise of this power converted the life estate or beneficial interest of Sallie E. Crews into an estate in fee, the proceeds of such sale thereby becoming her absolute property, and that all money now in the hands of defendant Robert N. Crews, being either the proceeds of such sale or accrued interest thereon, was the sole property of Sallie E. Crews, making plaintiff M. L. Guthrie, as administrator of her estate, or plaintiff Claudius E. Cheatham, as her sole heir at law, entitled thereto. *Third,* That even though the proceeds of sale of real estate did not become the absolute property of Sallie E. Crews, yet she was entitled to have as her absolute property all interest received thereon and all rents collected on such real estate prior to the sale thereof, both of which should be accounted for and paid over to plaintiffs. *Fourth,* That Robert N. Crews should be required to account for and pay over one-half of the commissions retained by him. *Fifth,* That the $80 found in the dress of Mrs. Crews was her absolute property and that plaintiffs are entitled thereto.

We shall consider plaintiffs' claims in the order presented. The real question in the case, however, involves the construction of the will of Robert A. Crews.

I. To sustain plaintiffs' first and second contentions, which are so interwoven that we shall consider them together, it would be necessary to construe the will in question as creating in Sallie E. Crews an estate in fee upon the exercise by her and her co-executor of the power of sale conferred upon them by the instrument.

Devise: Life-Estate: Power of Sale.

Grace v. Perry, 197 Mo. 550, strongly relied upon by plaintiffs to sustain this construction, is to be distinguished from the case at bar in this, to-wit: In that case the intention was to create an estate for life in the children of the deceased, with full and absolute power of disposition so as to vest an estate in fee simple in the grantee, and with a remainder over to the heirs of such children in the event of the death of either of them prior to a disposal of their respective shares, while in the instant case a life estate is created in the widow, with a power of disposition limited to the realization of such amount as may be necessary for her support, maintenance, traveling expenses and charities, and with the expressed intention that any portion of the estate unused by her shall go to the relatives of the testator named in the will and not to the relatives of the widow. A careful examination of the remaining authorities cited by learned counsel for planitiffs leads us to likewise conclude that they are either distinguishable or not in point.

The construction urged by plaintiffs is not consonant with our interpretation of the intent of the testator, which, as is well settled, must be gathered from the whole instrument and fully effectuated, if not violative of some established rule of law. [Grace v. Perry, 197 Mo. l. c. 559; Brooks v. Brooks, 187 Mo. 476; Cross v. Hoch, 149 Mo. 325; R. S. 1919, sec. 555.] Clearly, upon an examination of the provisions of the will, it is evident that Robert A. Crews intended that his wife should have an estate for life in both his real and personal property, with power to sell all or any part of the real estate which she might require for her support and maintenance,

and with a remainder over at her death to the further beneficiaries named in the will. The language used indicates that it was the wish of the testator that Mrs. Crews should use the property as she found necessary during her life, even to the extent of selling the real estate, and that at her death what remained, in whatever form, was to be distributed to the persons named in the will, in the proportions therein set forth. That portion of the estate which remained unused by Mrs. Crews, if not in the form of cash, was to be sold and distributed to the legatees named. No other meaning can be properly gathered from the clause, *"At her death, my estate shall be sold* as fast as prices may warrant by my executor without him giving bond. *And the proceeds to be divided as follows, to-wit:"* These words are plain and unambiguous and when taken in conjunction with the words "I will and devise to my wife, Sallie E. Crews, all my property real, personal and mixed *for and during her natural life for her support,"* etc., constitute persuasive evidence that it was the intention of the testator to control the further disposition of his property after the death of Mrs. Crews, thereby wholly negativing the idea that she was to have an absolute estate or that it was to ripen into one through the exercise by her of the power of disposition conferred upon her. Counsel for plaintiffs argue that the testator "was a lawyer of acknowledged ability and the will was framed and drawn by a man of long experience and great ability." It is therefore fair to assume that both the testator as well as the scrivener understood the full import and the legal effect of the language used.

In arriving at our interpretation and conclusions we are guided by Redman v. Barger, 118 Mo. 568, which case is especially applicable to the facts here. In that case the pertinent part of the will under consideration provided as follows:

"To my wife: *Item*: I give devise and bequeath to my beloved wife Nancy Barger all my estate real

personal or mixed to have and to hold the same and to be empowered to sell or dispose of it at pleasure and also all my moneys to be paid to her by my executors hereinafter named within twelve months after my decease. I also give to her the use improvements and income of my dwelling house, land and its appurtenances situate in DeKalb County Missouri to have and to hold the same to her and during her natural life and from and after the decease of my said wife I give and bequeath the remaining part of said real personal or mixed estate and hereditaments unto such child or children as I shall leave or have living at the time of my decease and to their heirs and assigns forever the same to be divided equally among them.''

There, as here, the widow, Nancy Barger, qualified as executrix of the estate of Abram B. Barger, her deceased husband, administered upon the same, and upon final settlement took all of the estate as devisee under the will. During her lifetime she disposed of all the personal property and real estate and died leaving moneys and notes arising from the sale of such real estate. An administrator of her estate was appointed and he administered thereon. Upon final settlement the probate court ordered distribution to the defendants, children of Abram B. Barger, which order was confirmed in the circuit court. Upon appeal to this court, the plaintiffs, who were the children of Nancy Barger by a former marriage, claimed that by the provisions of the will of Abram B. Barger the real estate which belonged to his estate became the absolute property of Nancy Barger and that as her heirs at law they became entitled to the proceeds thereof. In denying their claim, this court, speaking through BRACE, J., said, at page 575: ''The intention of the testator was to give the wife the whole of his estate, to manage, sell or dispose of it according to her own pleasure during her life, and at her death, whatever the form or condition of what was left of *that same estate, whether real, personal or mixed,*

or that could be included by the scrivener under the comprehensive title of hereditaments, *was to go to his children and their assigns forever.* . . . Nor do we think such intention should be defeated by a purely technical construction of the will. On the contrary, such intention should be carried into effect, as we think it may well be, on principle and upon the authority of the adjudicated cases.'' (Italics ours.)

And further, in passing upon the effect of the added power of disposition, the court said: *"A power of disposition superadded to a life estate,* in a mixed estate of real and personal property, given by will to the wife as a present provision, *ought not, against the intention of the testator, to defeat a future provision made for his children to take effect at her death,* out of the same estate, if there remain anything of that estate to satisfy such provision in the hands of the life tenant at her decease, *whatever change in the form of the property she may have effected under the power given her in the will.''* (Italics ours.)

To like effect, upon facts analogous to those in the case at bar, are Munro v. Collins, 95 Mo. 33; Harbison v. James, 90 Mo. 411; Lewis v. Pitman, 101 Mo. 281; Ricketts v. People's Bank, 196 S. W. 26; Schneider v. Kloepple, 270 Mo. 389; Threlkeld v. Threlkeld, 238 Mo. 459; Trigg v. Trigg, 192 S. W. 1011, and McMillan v. Farrow, 141 Mo. 55.

When examined in detail, there being nothing in the language of the Crews will which is inconsistent with the purposes thereof, or any rule of law which should defeat those purposes, upon authority of the adjudicated cases, we must rule against plaintiffs on the first and second points they make and hold that Sallie E. Crews took a life estate in the property of Robert A. Crews, that the exercise by her of the power of sale conferred upon her did not convert her life estate in the proceeds of sale of said property into an estate in fee simple, and that at her death whatever remained of said

property- descended and should be distributed according to the provisions of the will of Robert A. Crews.

II.    Plaintiffs third contention, that they are entitled to interest and rents received by the executors, is untenable. The fact that Mrs. Crews was entitled to the income does not seem to be disputed by counsel for defendants nor can it be disputed as a matter of law. The record shows that she did receive all of the income, over and above the amount necessary for taxes, repairs and expenses of administration, and spent it for her support and maintenance as was intended. 'It, and even a part of the corpus of the estate, was dissipated and constituted no part of her estate at her death. Obviously, if she received it and spent it, plaintiffs cannot now lay claim to the gross amount of income realized from the estate and have recourse for payment to the *corpus*. It has been held, and we think properly so, that a life tenant is entitled to the entire fruits and income of the life estate and if the same is consumed in the use intended to be made of it, the rights of the remaindermen are defeated and they are entitled to nothing. [Forsey v. Luton, 2 Head (Tenn.) 183; Ballentine v. Spear, 2 Baxter (Tenn.) 269; Calhoun v. Furgeson, 3 Richardson Eq. (S. C.) 160.]

*Devise: Life-Tenant: Income.*

III.    Plaintiffs' claim to one-half of the commissions retained by defendant Robert N. Crews is not sustained by the evidence. While it may be true that as a matter of law Mrs. Crews was entitled to one-half of the commissions, nevertheless the testimony shows that she voluntarily relinquished her right thereto and in effect gave her share to her co-executor. By so doing she parted with her right in and dominion over her proportion of the commissions and delivered the same to Robert N. Crews. Upon his acceptance thereof, the gift was consumated and became conclusive between them. [Hunter v. Wa-

*Executor's Commissions: Division.*

bash Railroad, 149 Mo. App. 243; Meyer v. Koehring, 129 Mo. 15.] And, plaintiffs having introduced no evidence tending to disprove the agreement between Mrs. Crews and Robert N. Crews, they are bound by her action. Furthermore, whether or not her relinquishment amounted to a gift, the agreement between Mrs. Crews and her co-executor, apportioning the commissions as they did, was legal and binding, it appearing that Robert N. Crews actually transacted the greater part of the business of the estate. [In re Aston's Estate, 5 Wharton, (Pa.) 228; John v. John, 122 Pa. St. 107, 15 Atl. 675.] And the waiver by Mrs. Crews did not in any manner prejudice the rights of her co-executor. [Schoeneich v. Reed, 8 Mo. App. 356.] We must therefore hold against plaintiffs on this claim.

*Income Returned to Estate.*

IV. With respect to plaintiffs' fifth contention, we are of the opinion that the $80 in question having been originally given to Mrs. Crews as part of an advancement for her support, maintenace and traveling expenses; and having been returned to the estate of Robert A. Crews by her co-executor, with her knowledge and consent, the same again became a part of the estate and the legatees named in the will are entitled thereto as against the plaintiffs herein.

A review of the entire record convinces us that the judgment of the learned chancellor, *nisi,* was correct, and such judgment is accordingly affirmed. All concur.