[Civ. No. 5914. First Appellate District, Division One.—April 26, 1928.]

KATIE KELLY, Appellant, v. JAMES CONROY, Respondent.

Albert Jacoby for Appellant.

James M. Hanley and Prosper Reiter, Jr., for Respondent.

KNIGHT, J.—Plaintiff appeals from an adverse judgment in an action to recover moneys had and received.

The following facts are not disputed: Pursuant to an order made by the superior court in and for the city and county of San Francisco plaintiff and defendant were appointed executors of the last will and testament of Dennis Kelly, deceased, and during the administration of the estate they applied for and on October 4, 1921, were granted a partial allowance of commissions in the sum of $500, which was divided equally between them. On February 8, 1923, a decree settling the final account and granting final distribution of the estate was entered wherein it was ordered, adjudged and decreed, among other things: "that the sum of Two Thousand ($2000.00) Dollars be and the same is hereby fixed and allowed as compensation to said executors for their services in said estate and that the unpaid balance thereof, to wit, the sum of Fifteen Hundred ($1500.00) Dollars is hereby ordered to be paid to said executors." The entire latter sum was subsequently paid to defendant by check drawn upon the funds of said estate and signed jointly by plaintiff and defendant as such executors, not without question by plaintiff, however; and some time after the check had been cashed she instituted the present action, claiming to be entitled to one-half of the money so received by defendant.

In his answer to the complaint defendant alleged in substance that at the time the partial allowance of $500 was divided plaintiff declared her intentions to move to Los Angeles and that she then and there agreed that the sum of $250 received by her "was in full compensation for the work she had done and would do in the future as one of the executors of the estate"; that she did in fact move to and thereafter continued to reside in Los Angeles, and conse-

quently performed no further services in the settlement of said estate except the perfunctory signing of papers prepared and sent to her by defendant; "that by agreement between the plaintiff and defendant this formal duty of signing papers already prepared was to be considered as having been compensated for by the sum of Two Hundred Fifty ($250.00) Dollars heretofore recited as having been received by the said plaintiff; that by said agreement between the plaintiff and defendant the compensation of Fifteen Hundred ($1500.00) Dollars awarded by the above entitled Court as executor's fees on the 8th day of February, 1926, belonged to the defendant as compensation for his services furnished from and after the time the said plaintiff left the City and County of San Francisco." Plaintiff in her testimony denied the truth of the foregoing allegations; but in view of the judgment in defendant's favor it must be assumed on appeal that the issues raised by said allegations were resolved by the trial court in defendant's favor; and there appears to be ample testimony to support its conclusions thereon.

Plaintiff contends, however, that even if said agreement was made as alleged, it was invalid. The question as to the validity of such an agreement does not appear to have been expressly ruled upon by the reviewing courts of this state, so far as our attention has been called; but it is held generally in other jurisdictions that several representatives of an estate may legally contract between themselves as to the apportionment of the commissions to be thereafter allowed by the court, provided such contracts do not contravene the statute and their purpose is not to relieve any one of them from the responsibility of his trust (*Guthrie* v. *Crews*, 286 Mo. 438 [229 S. W. 182]; *John* v. *John*, 122 Pa. 107 [15 Atl. 675]; *Bassett* v. *Miller*, 8 Md. 548; *Brown* v. *Stewart*, 4 Md. Ch. 368; *In re Aston*, 5 Whart. [Pa.] 288; 24 Cor. Jur. 993); and although, as stated, no case has arisen in this state wherein the question of the validity of such agreements has been directly ruled upon, the right to enforce the same in separate actions was apparently recognized by the supreme court in the *Estate of Carter*, 132 Cal. 113 [64 Pac. 123, 484]. There, at the time of the settlement of the final account, a joint executor claimed the entire amount of the commissions pursuant to a contract

claimed to have been made with his coexecutors, but the court apportioned the commissions equally between them. He appealed from the order of settlement, and in disposing of the question of the asserted contract the court said: "The appellant's first claim is to the effect that he had a contract with his coexecutor and the devisees, whereby he was to receive all the commissions allowed to the executors. There is some evidence upon both sides of this claim, but the court holds the matter to be one of no importance. What particular contracts may have been entered into between these parties as to the apportionment of the executors' commissions is a matter which should be heard in another forum. The hearing of a final account by the probate department of the court is not the place to settle disputes of this character. These parties are not entitled to litigate a question of that kind upon the hearing of the settlement of a final account. The existence of that character of contract, and its validity after being made, are matters of no interest to the estate, and must be heard and determined at some other time and in some other proceeding."

We find nothing in the case of *Firebaugh* v. *Burbank*, 121 Cal. 186 [53 Pac. 560], cited and relied upon by plaintiff, which sustains her contention that the agreement under consideration was illegal. The facts of that case show that at the time of the settlement of the final account and the rendition of the decree of final distribution the probate court fixed the amount of commissions the surviving executor and his attorney should receive for their services. The surviving widow being dissatisfied with the distributive share of the estate awarded her sought and obtained a reversal of the decree, and under the judgment of reversal became entitled to the entire estate. Thereafter said attorney procured from her on behalf of himself and the surviving executor, under circumstances indicating duress, a contract calling for the payment to them of an additional sum of money greatly in excess of the amount already allowed by the court and much larger than the maximum fees fixed by the statute. The contract therefore violated the provisions of section 1618 of the Code of Civil Procedure, which, besides fixing the amount of maximum fees, provides that all contracts between an executor or administrator and an heir, devisee or legatee, for a higher compensation than that allowed by this section,

shall be void; and in holding said contract to be unenforceable and void, the supreme court said: "The provision in section 1618 of the Code of Civil Procedure, making void all contracts for higher compensation between an heir and an executor, is not limited to contracts made directly between the executor and the heir, but includes all contracts or agreements by which the executor will receive either directly or indirectly any greater compensation than has been fixed by the statute, or any compensation other than such as may have been previously ascertained and determined by the court, and applies to every contract which has for one of its objects the payment of such greater compensation, as well as to those which are made solely for such payment." It will be observed, therefore, that the point of that decision was that the contract violated said code section because it was procured from the sole beneficiary of the estate by an attorney for the estate, obligating her to pay to him and the executor additional fees much larger in amount than those already fixed by the court, and also in excess of the maximum amount fixed by statute. We have no such contract in the present case, the agreement here being one made between the executors themselves with reference to the apportionment of the remainder of the fees which might be afterward allowed by the court within the limitations of the statutory provisions. True, the record discloses that plaintiff was also an heir at law of the deceased and a legatee under his will, but this fact becomes unimportant because the contract in question purported to call for the payment only of such fees as might be thereafter legally allowed by the court.

For the foregoing reasons we are of the opinion that the contentions made by plaintiff against the validity of said agreement are without merit.

Section 1618 of the Code of Civil Procedure also provides that if there are two or more executors "the compensation shall be apportioned among them by the (probate) court according to the services actually rendered by them respectively"; and plaintiff claims that in awarding the sum of $1,500 "to the executors" the probate court in the present case did in fact apportion said sum equally between the coexecutors pursuant to the power granted under said section, and that therefore the judgment entered in the

present action denying plaintiff one-half of said commissions is in conflict with the operation of the decree in probate and in effect constitutes a collateral attack upon the integrity thereof. In our opinion the construction of the decree plaintiff contends for cannot be sustained, for it may be fairly assumed that if the probate court had intended, as plaintiff claims, to apportion the fees equally between the coexecutors, an express declaration to that effect would have been inserted in the decree. ■ It has been repeatedly held that there is no rule of law or equity declaring that executors, without regard to the time spent, responsibility assumed, or services rendered, are entitled to an equal share of the statutory fees (*Speirs* v. *Wisner*, 88 Mich. 614 [26 Am. St. Rep. 306, 50 N. W. 654]; *Chase* v. *Lathrop*, 74 Colo. 559 [223 Pac. 54]; *Hayward* v. *Plant*, 98 Conn. 374 [119 Atl. 341]; *Wickersham's Appeal*, 64 Pa. 67; *Groover* v. *Ash*, 132 Ga. 371 [131 Am. St. Rep. 201, 22 L. R. A. (N. S.) 1119, 64 S. E. 323]; *Estate of Carter, supra*); also that when, as here, a stated sum is allowed to the representatives without assuming to pass upon the apportionment, the question of such apportionment is left open to future determination (*Slingerland* v. *Norton*, 136 Minn. 204 [161 N. W. 497]; 12 Cal. Jur. 271). ■ Therefore, the present action having been instituted by plaintiff for the purpose of recovering a portion of said fees, and the trial court having decided upon evidence legally sufficient for that purpose that she was not entitled to any part thereof, she is concluded by such decision.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 25, 1928.

All the Justices concurred.