with respect to a licensee who comes in contact with said wire.

Under the record in this case, the trial court was justified in directing a verdict in favor of the defendant, and the judgment is affirmed.

*Judgment affirmed.*

FUNK and PARDEE, JJ., concur.

BURKE, EXRX., *v.* McKEE ET AL.

(Decided October 29, 1928.)

*Mr. Smith W. Bennett,* for plaintiff in error.
*Mr. C. C. Williams* and *Mr. John C. Pettit,* for defendants in error.

MAUCK, J. The plaintiff here, Minnarene Burke, Executrix, seeks to reverse a final order of the common pleas court dismissing an appeal which had been taken by her to a judgment and order of the probate court. The original papers necessary for a consideration of the case in the common pleas were filed in that court, but they are not found in the files of this court. We know as a matter of law, however, of what they might consist, and the nature of them sufficiently appears in the journal entries of the two courts. Among the original papers which are constructively before us is the last will of the testator, which, of course, constitutes the basis of all the proceedings in the probate court. A copy of this will, however, has been furnished by counsel. From the record we glean that N. L. C. Kachelmacher died some ten years ago, that pursuant to the nominations made by him Minnarene Burke, Caleb L. McKee, and Charles B. Donahue were appointed executors. The record shows that the estate is a large one, and must by the terms of the will be kept open for many years. Eventually the corpus of the fund is to be used in the establishment of a hospital. This immediate case involves some differences between the executors. The will refers to McKee as an executor and trustee. Upon the executors filing their ninth current account, which seems to have been signed only by McKee and Donahue, Miss Burke as the other executrix filed exceptions to the account and also filed a motion to surcharge McKee as executor and trustee, and upon McKee resigning as executor and trustee about that time she filed exceptions to the acceptance of his resignation, and further filed a motion requiring him to file a sep-

arate account as trustee. The denial by the probate court of all the contentions thus raised by Miss Burke was the basis of her appeal to the common pleas.

From the opinion of the judge trying the case in the common pleas we gather that that court was of the opinion that all of the issues sought to be raised by Miss Burke against her coexecutors had been determined against her by a judgment of the court of common pleas construing the will and defining the executors' powers, in an action brought by the executors to obtain a definition of their powers. The common pleas seemed to resort to that judgment on the theory that a judge takes judicial knowledge of all the records of the court in which he is presiding. This is erroneous. Mention of it is now made in order that upon a further hearing in the common pleas a more satisfactory record may be preserved. Courts do not take judicial knowledge of their own proceedings, but only of their own proceedings in the immediate case under consideration.

"The rule with regard to notice of the pendency of, or record in, other causes or proceedings, as already indicated, is quite the reverse of that requiring notice of the record of former proceedings in the case at bar. Both reason and authority establish the rule that, in a given case, the court has no knowledge of the pendency of proceedings in other causes in the same court, much less of those in other courts." I Jones on Evidence (2d Ed.), Section 432.

The rule in this state is in entire harmony with the rule generally obtaining, even though the trial judge may have presided in the very case of which

he assumes to take judicial notice. *Myers* v. *State,* 46 Ohio St., 473, 22 N. E., 43, 15 Am St. Rep., 638.

While the opinion of the trial judge runs to the merits of the case, the entry shows, not a disposition of the case upon its merits, but a refusal to hear the appeal upon the issues raised in the probate court, and dismissal of the appeal on the ground that Minnarene Burke, Executrix, has no authority to prosecute the appeal. The statutes of this state do not define the person or persons who may except to an administrator's or executor's account. The statute indicates that any person interested may file objections to the inventory, and clearly the rule must be that any one having an interest in the matter may be heard in the probate court in regard to any trust being administered in that court. The probate court has the power and duty of seeing that all trusts are administered in conformity with the law, and it is the right and duty of that court to receive from any source information that reflects upon the conduct of a trust. We are speaking now of the duty of the court, not the rights of one taking exceptions to a trust's administration. No stranger, of course, can be heard to complain of the way a trust is administered. These general observations are made no in criticism of the probate court in the case now before us, for in this case the probate court seems to have considered all the questions raised by Miss Burke. They are submitted, however, because the Kachelmacher estate casts upon the courts of this county peculiar responsibilities. It must by the terms of the will continue for many years in all probability. The institution which is to become the final beneficiary of a large fortune is not now in

existence. There is no one representing it, and those who will ultimately be interested in this noble benefaction are not now ascertainable. The estate ought to be preserved and it ought to vastly increase, but this can only be done by the executors being vigilant in their trust, and by the courts compelling a high standard of vigilance and rectitude, unaided by the activity of the beneficiaries, who, ordinarily, are alive to preserve the estate in which they are interested from being wasted.

It is argued by the defendants in error in this case that if Miss Burke was dissatisfied with the conduct of her coexecutors she had no power to attack their proceedings by exceptions in the pro bate court, but was confined to the remedy afforded by Section 10871, General Code. That section, however, only authorizes an action upon the bond of an executor or administrator where the probate court has first found that such executor or administrator has failed to perform his duty, and in any event it can only be brought by a person "interested in the estate." If Miss Burke as a coexecutor is so far interested in the estate as to avail herself of the provisions of Section 10871, it would seem that she is so far interested in the estate as to be competent to file exceptions to an account or otherwise assail the action of her coexecutors. The very argument that is invoked against her power in the instant case would be invoked against her attempt to proceed under 10871. The testator in this case evidenced his confidence in all three of those whom he named as executors. He contemplated that two might act in a matter of policy as against the judgment of the third, but there is nothing to indicate

a purpose on his part to have the nonconcurring executor waive any powers or relax in his endeavors to cause the trust to be administered according to law. All three of them have responsibilities. They are all interested in the faithful performance of the duties devolving upon them. There can be no more direct, economical method of threshing out their difficulties than in the court having exclusive jurisdiction to settle decedents' estates, and no more direct way than by a nonconcurring executor excepting to the accounts of his fellow executors. We would consider it very unfortunate indeed if the law compelled us to hold that one coexecutor could not be heard against the other executors freely and fully in the court having charge of the trust, and this view is especially important for the reason that no one in particular does represent the principal beneficiary under the will. The law, however, does not prevent a coexecutor from proceeding precisely as Miss Burke has proceeded in this case. In 18 Cyc., 1173, it is said that an executor or administrator may contest the account of his corepresentative. In a note attached to *Groover* v. *Ash,* 132 Ga., 371, 64 S. E., 323, 22 L. R. A. (N. S.), 1119, 131 Am. St. Rep., 201, it is said:

"Where there is a substantial right involved, the right of an executor or administrator to object to the account of his coexecutor or coadministrator seems to be recognized."

It is unnecessary here to recite the authorities assembled by the annotator, but they support this principle. Miss Burke was accordingly by authority and reason such a party in interest that she had a right to challenge the conduct of her coexecutors.

If Miss Burke was such an interested party as might be heard in objecting to the transactions of her coexecutors, she was of necessity such an interested party as might appeal from an adverse judgment in the probate court. The common pleas was accordingly in error in holding that she was without capacity to appeal. This requires a reversal of the case. Other questions will arise in the case but they cannot be anticipated. We do not undertake to determine what of the proceedings in the probate court were appealable. We only determine what the common pleas passed upon; that is, the capacity of the appellant.

The judgment of the common pleas is reversed on the sole ground that that court erred in holding the plaintiff in error to be without capacity to appeal.

*Judgment reversed.*

MIDDLETON, P. J., and THOMAS, J., concur.