OPINION
{¶ 1} Defendant-appellant Thomas Reichman [hereinafter appellant] appeals the November 28, 2001, Judgment Entry of the Tuscarawas County Court of Common Pleas which awarded the federal and state tax deductions and exemptions [hereinafter tax exemptions] for his four minor children to the children's mother, plaintiff-appellee Kelli Reichman [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were divorced on September 29, 1997. Four children were born of the marriage. The Judgment Entry of Divorce, which incorporated a Separation Agreement, called for shared parenting. The children were to physically reside with appellee except for the time periods established for visitation with appellant. Appellee's home was designated as the home of the children for school purposes. Two of the tax exemptions for the four minor children were granted to each of the parents. Appellant was ordered to pay child support.
 {¶ 3} In February, 2000, appellant requested that the Child Support Enforcement Agency [hereinafter CSEA] review the amount of child support he was paying. After administrative hearings, the CSEA recommended that child support be reduced. CSEA further recommended that no change be made to the prior allocation of the tax exemptions. This recommendation was based on a finding that both parties were in the 28% income tax bracket. Both parties objected to CSEA's recommendations.
 {¶ 4} On June 28, 2000, CSEA, acting for appellee, filed "Plaintiff's [Appellee's] Objections to Administrative Recommendations" in the trial court. The Objections asked the trial court to determine, pursuant to R.C. 3113.21(C)(1)(c), whether the recommended child support was appropriate. On July 13, 2000, appellee motioned the trial court to reallocate the tax exemptions for the children. Appellee argued that there had been a change of circumstances and that she should have all four tax exemptions, pursuant to Singer v. Dickenson (1992),63 Ohio St.3d 408, 588 N.E.2d 806. In her Pretrial Memorandum, filed July 25, 2000, appellee further argued that the tax exemption could only be awarded to appellant, the non-custodial parent, if it was in the best interest of the children to do so. Appellee argued that since both parties were in the same tax bracket, there was no financial advantage. Therefore, appellee contended that it was not in the best interests of the children to award the tax exemptions to appellant.
 {¶ 5} The trial court held that it could revisit the issue of the tax exemptions when the issue of child support was revisited. The trial court implicitly held that there needed to be no showing of a change of circumstances before a trial court could revisit or modify the allocation of the tax exemptions. Upon independent analysis and review, the trial court found that the Objections were meritorious as they related to the tax exemption issue. The trial court further found that appellant had not presented sufficient evidence to overcome the requirement that the tax exemptions be awarded to the custodial parent unless it could be demonstrated that it is in the children's best interest to award the tax exemptions to the non-custodial parent. Thus, the trial court awarded all of the tax exemptions to appellee, as the custodial parent, finding that such an allocation was in the best interest of the children.
 {¶ 6} Appellant appealed. Upon appeal [hereinafter Reichman I], this court affirmed, in part, and reversed and remanded, in part.[1]
This Court agreed with the trial court that the issue of tax exemptions may be revisited anytime the child support order is modified and that the moving party need not make a showing of a change of circumstances before the trial court may review or modify the allocation of the tax exemptions. However, we found that the trial court abused its discretion when it reallocated the tax exemptions without consideration of the facts of the case in light of the factors provided in Singer. Upon remand, the trial court was instructed to conduct a hearing on the allocation of the tax exemptions or recommit the matter to the Magistrate with instructions.
 {¶ 7} On remand, the trial court conducted a hearing on October 25, 2001. On November 28, 2001, the trial court issued a Judgment Entry in which it awarded all four exemptions to appellee.
 {¶ 8} It is from the November 28, 2001, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT VIOLATED THE REMAND ORDER OF THE FIFTH DISTRICT COURT OF APPEALS IN REICHMAN V. REICHMAN, CASE NO. 2001 AP 03 0018, DATED OCTOBER 5, 2001 AND FAILED TO FOLLOW SAID DECISION.
 {¶ 10} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT WENT OUTSIDE OF THE ADMITTED TRIAL TAX RETURN DOCUMENTS AND ISSUED A DECISION ON TAX RETURNS NOT IN EVIDENCE.
 {¶ 11} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE CUSTODIAL PARENT FOUR (4) OF FOUR (4) CHILDREN AS TAX EXEMPTIONS FOR THE YEAR 2001, WHERE THE TRIAL EVIDENCE IS CLEAR THAT THE NON-CUSTODIAL PARENT IS ENTITLED TO AT LEAST TWO (2) OR MORE OF THE TAX EXEMPTIONS, AND IN SO DOING VIOLATED THE "BEST INTEREST OF THE CHILDREN" TEST AS REQUIRED BY LAW.
 {¶ 12} "IV. A TRIAL COURT'S JURISDICTION TO RE-HEAR CONTROVERSIES, AFTER REMAND BY A SUPERIOR COURT, AND THE TRIAL COURT'S CONTINUING ERROR WHICH ARE [SIC] PREJUDICIAL TO A PARTY, REQUIRE THE SUPERIOR COURT TO ISSUE A FINAL JUDGMENT PURSUANT TO APPELLATE RULE 12(B)."
 I {¶ 13} In the first assignment of error, appellant contends that the trial court committed prejudicial error by violating the remand order of this court. We disagree.
 {¶ 14} In Reichman I, this court determined that the trial court failed to consider the factors delineated in Singer v. Dickinson,63 Ohio St.3d 408, 588 N.E.2d 806, when it allocated the tax exemptions to appellee. Also see Bobo v. Jewell (1988), 38 Ohio St.3d 330,528 N.E.2d 180. Upon remand, this court ordered that the trial court either conduct a Singer hearing itself or recommit the matter to the Magistrate with instructions.
 {¶ 15} On remand, the trial court conducted a hearing on October 25, 2001. At that hearing, the parties were given an opportunity to present evidence on the Singer factors. Therefore, the trial court conducted a hearing as was ordered in Reichman I.
 {¶ 16} Further, the judgment entry of the trial court indicates that it considered Singer in reaching its decision. Appellant's argument includes contentions that the trial court failed to properly apply the mandates of Singer and R.C. 3119.82 when it decided to allocate all four exemptions to appellee. Such contentions will be considered in assignment of error III.
 {¶ 17} Therefore, we conclude that the trial court followed the mandate of this court when it conducted an evidentiary hearing on the allocation of the tax exemptions and issued a decision in which it explicitly stated that it applied and considered all of the pertinent factors required by Singer in reaching its decision.
 {¶ 18} Appellant's first assignment of error is overruled.
 II {¶ 19} In the second assignment of error, appellant argues that the trial court abused its discretion and committed prejudicial error when it relied upon a tax return that had not been admitted into evidence at the October 25, 2001, evidentiary hearing. We disagree.
 {¶ 20} At the conclusion of the October 25, 2001, hearing, the parties agreed that the trial court would consider written memorandums on the issue. In appellee's written memorandum, filed on November 8, 2001, after the hearing, appellee asked the trial court to take judicial notice of appellant's 1999 federal tax return [hereinafter 1999 tax return].
 {¶ 21} The 1999 tax return had not been admitted into evidence at the October 25, 2001, hearing. However, the 1999 tax return had been admitted at the previous hearings before the Magistrate. Those hearings were conducted October 19, 2000, and November 16, 2000, prior to ReichmanI. In reaching its decision, issued November 28, 2001, the trial court relied upon appellant's 1999 tax return.
 {¶ 22} A review of the trial court's judgment entry demonstrates that the trial court implicitly took judicial notice of appellant's 1999 tax return, upon appellee's request. Evidence Rule 201 concerns judicial notice. Evidence Rule 201 states the following: "This rule governs only judicial notice of adjudicative facts; i.e., the facts of the case. . . . A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable [sic] be questioned. . . . A court may take judicial notice, whether requested or not. . . . A court shall take judicial notice if requested by a party and supplied with the necessary information. . . . A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken. . . . Judicial notice may be taken at any stage of the proceeding." Specifically, a trial court may take judicial notice of undisputed facts, City of Euclid v. Mabel (1984), 19 Ohio App.3d 235,484 N.E.2d 249, and of their own records in the case under consideration, Burke v. McKee (1928), 30 Ohio App. 236, 164 N.E. 776.
 {¶ 23} We review decisions regarding judicial notice under an abuse of discretion standard. Molitor v. Gaddis (Aug. 25, 1999), Morrow App. No. CA 875, 1999 WL 770688. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 24} However, this court must consider whether appellant has preserved this issue for appeal. Evidentiary Rule 201(E) states that when a party does not have prior notice that a court will take judicial notice of a fact, the party may request an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed after the judicial notice was taken. Generally, errors occurring at the trial level should be cured there, if possible. For this reason, if such an error is not raised before the trial court, it is considered waived and may not be raised for the first time on appeal. VanCamp v.Riley (1984), 16 Ohio App.3d 457, 463, 476 N.E.2d 1078; Boyd v. Edwards
(1982), 4 Ohio App.3d 142, 151, 446 N.E.2d 1151.
 {¶ 25} Appellee requested that the trial court take judicial notice of appellant's 1999 federal tax return in a brief filed November 8, 2001. The trial court did not issue its judgment entry until November 28, 2001. Appellant did not respond or request an opportunity to be heard after appellee's request for judicial notice nor after the trial court's implicitly took judicial notice and relied upon the 1999 federal tax return. Any error was waived when appellant failed to request to be heard as to the propriety of the trial court's judicial notice and reliance on the tax return. Ambrose v. Ambrose (Feb. 16, 1990), Geauga App. No. 88-G-1479, 1990 WL 12693.
 {¶ 26} However, even if this issue were not waived by appellant, we find that the trial court did not abuse its discretion when it took judicial notice of appellant's 1999 tax return. The tax return was previously admitted into evidence in the case before the trial court. Appellant raised no argument to the trial court, nor does he on appeal, that the 1999 federal tax return was not accurate.[2]
 {¶ 27} Appellant's second assignment of error is overruled.
 III {¶ 28} This brings us to appellant's third assignment of error in which appellant challenges the trial court's actual decision to award all four tax exemptions to appellee. Appellant contends that the evidence supports a finding that it is in the best interests of the children to award at least two of the four exemptions to appellant.
 {¶ 29} This Court reviews a trial court's allocation of tax exemptions between parents under an abuse of discretion standard.Eickelberger v. Eickelberger (1994), 93 Ohio App.3d 221, 225-26,638 N.E.2d 130. A trial court may award the tax exemption to a non-custodial parent, however, only if it finds that doing so serves the best interests of the child. Bobo v. Jewell (1988), 38 Ohio St.3d 330,332, 528 N.E.2d 180. The best interests of the child may be furthered where the non-custodial parent's taxable income falls into a higher tax bracket than the custodial parent's taxable income. Singer v.Dickinson, 63 Ohio St.3d at 415-16. In evaluating these potential tax savings, "a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." Id. at 416. (Emphasis added.)
 {¶ 30} Newly enacted R.C. 3119.82 states the following: "If the parties do not agree [on who should take the tax exemption or exemptions], the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."
 {¶ 31} In this case, the trial court awarded all four tax exemptions to appellee. In doing so, the trial court found as follows:
 {¶ 32} "[The Court] FINDS that Defendant Thomas Reichman changed his filing status in the year 2000, while this matter was pending, and in doing so placed himself into a higher tax bracket which, after a Singer analysis, could suggest that he is entitled to the allocation of the exemptions/deductions for all four children. . . .Defendant Thomas Reichman's 1999 tax return indicates that he filed jointly with his current wife and claimed her children as exemptions. . . .In considering all pertinent factors relating to the furtherance of the "best interest" of the minor children of these parties, the undersigned concludes that the mere fact that Defendant Thomas Reichman's filing status has placed him into a higher tax bracket cannot defeat the other considerations pertaining to the best interests of the minor children resulting from the allocation of the exemptions/deductions to Plaintiff Kelli Reichman, i.e. more money available to Plaintiff Kelli Reichman to fund the school and extra-curricular activities of the minor children as has been demonstrated by the evidence in this case. . . .[a]fter reviewing all of the pertinent factors required by Singer, supra, the conclusion of the undersigned is that the best interests of the children of the parties in this case is not furthered by the allocation of the exemptions to the non-custodial parent, Defendant Thomas Reichman, but is in fact furthered by the allocation of the exemptions/deductions to the Plaintiff, Kelli Reichman." November 28, 2001, Judgment Entry. (Emphasis original.)
 {¶ 33} We find that the trial court did not abuse its discretion. In 1999, appellant's filing status was "married filing jointly." Appellant's 1999 tax return showed that appellant claimed tax exemptions for his current wife and her two children, in addition to his own exemption and the two exemptions previously awarded to appellant in the divorce decree in this case. Therefore, appellant claimed a total of six tax exemptions. Appellant's 2000 federal tax return, admitted at the October 25, 2001, hearing, showed that appellant had changed his filing status to "married filing separately" and that appellant claimed only the tax exemptions for himself and two children from his marriage to appellee. Appellant no longer claimed exemptions for his current wife or her two children. Thus, for tax year 2000, appellant claimed only three tax exemptions.[3]
 {¶ 34} However, even reviewing the 2000 tax return as filed by appellant, the evidence submitted at the hearing does not reflect a significant difference in the income of the appellant and appellee. Appellant's total income in 2000 was $36,386.00. After claiming tax exemptions for two of the parties' children, appellant's taxable income was $22,050.00. Appellee's total income was $36,789.00 After claiming tax exemptions for two of the parties children, appellee's taxable income was $19,241.00. Technically, appellant's 2000 income, filed as "married filing separately", placed a portion of appellant's income in the 28% tax bracket while all of appellee's income, filed as head of household, was taxed at 15%. However, only $125 of appellant's 2000 taxable income was taxed at the higher rate of 28%. Based upon a comparison of appellant's and appellee's very similar financial circumstances, we cannot say that the trial court abused its discretion.
 {¶ 35} The trial court also found that the award of the tax exemptions to appellee was in the best interests of the children because it would provide more money to appellee to fund school and extra-curricular activities of the children. The record shows that the children are involved in several school and extra-curricular activities. The record reflects that appellee pays the expenses involved in those activities.
 {¶ 36} We recognize that testimony at the October 25, 2001, hearing showed that appellant was current on his child support payments and exercised a portion of his visitation rights. See R.C. 3119.82. Further, we note appellant's argument that appellee's disposable income is increased by the $11,319.00 child support appellant pays yearly and appellant's disposable income is thereby decreased. Appellant contends that the financial benefit of the tax exemptions could be used to further and foster appellant's relationship with his children. However, these considerations do not support a finding of an abuse of discretion by the trial court.
 {¶ 37} As this court stated in Griffith v. Griffith (Nov. 22, 1993), Stark App. No. CA-9352, 1993 WL 500484, "the overwhelming issue is to be governed by the best interest of the child." When all of the pertinent factors are considered, we cannot say that the trial court abused its discretion in finding that the children's best interests were not furthered by the allocation of the tax exemptions to the non-custodial parent, appellant.
 {¶ 38} Appellant correctly points out that the trial court's judgment entry neglects to identify that the trial court considered R.C. 3119.82.[4] Revised Code 3119.82, supra, codifies the part ofSinger which held, in main part, that a nonresidential parent may receive the tax exemption when it produces a net tax savings for the parents, thereby furthering the best interests of the child. Tar v. Walter, Jefferson App. No. 01JE7, 2002-Ohio-3188, 2002 WL 1396747. Current R.C.3119.82 added new considerations as well, "increasing the court's discretion in determining best interests to a level beyond that of merely net tax savings." Id. Upon review of the record before this court, even when the new factors of R.C. 3119.82 are considered, we find no abuse of discretion in the trial court's award of all four tax exemptions to appellee.
 {¶ 39} Appellant's third assignment of error is overruled.
 IV {¶ 40} In the fourth assignment of error, appellant contends that this court should enter judgment in favor of appellant granting him either two or four of the tax exemptions for the parties' minor children. In that we have overruled each of appellant's foregoing assignments of error, we have no reason or basis to issue a judgment entry awarding any of the tax exemptions to appellant.
 {¶ 41} Therefore, appellant's fourth assignment of error is overruled.
 {¶ 42} The judgment of the Tuscarawas County Court of Common Pleas is hereby affirmed.
By Edwards, J., Gwin, P.J. and Farmer, J. concurs.
Topic: DR — Tax Deductions
[1] Reichman v. Reichman, Tuscarawas App. No. 2001 AP 03 0018, 2001-Ohio-1555 (Reichman I).
[2] Any issue as to whether the trial court erred in its reasoning or conclusions based upon the 1999 tax return in its decision to award the four exemptions to appellee will be considered in assignment of error III.
[3] We are cognizant that had appellant's 2000 tax return been filed "married filing jointly", appellant's current wife's income would have been included on the tax return. However, when the trial court's decision is reviewed in toto, we do not find that consideration of appellant's current wife's income would effect our decision.
[4] Revised Code 3119.82 became effective March 22, 2001, after the hearing in Reichman I and before the hearing sub judice. Both parties agree that R.C. 3119.82 is applicable. For the sake of argument, this court will consider R.C. 3119.82 without further analysis of whether R.C. 3119.82 is applicable. As will be demonstrated, R.C. 3119.82 does not change this court's decision that the trial court did not abuse its discretion.